UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, | CASE NO. 2:23-cv-10647 |
| *Plaintiff*, | HON. JONATHON J.C. GREY |
| v. | DISTRICT JUDGE |
| HEIDI WASHINGTON, | HON. PATRICIA T. MORRIS |
| MDOC, | MAGISTRATE JUDGE |
| JOHN DOES, | |
| NOAH NAGY, | |
| CHARLES JAMSEN, | |
| JIMMY JARRETT, | |
| *Defendants*. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTIONS FOR A PRELIMINARY INJUNCTION (ECF Nos. 27, 28, 32)**

I.   **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DENY** Scott Sedore's motions for a preliminary injunction (ECF Nos. 27, 28, 32).

II.   **REPORT**

  A.   **Background**

Scott Sedore is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). (*See* ECF No. 1, PageID.2). Sedore suffers from a slew of respiratory and circulatory conditions, including congestive heart failure, chronic

1

obstructive pulmonary disease, "chronic scarring" of "both lungs," hypertension, and sleep apnea. (*Id.* at PageID.10). Yet he has no means by which to regulate the temperature in his cell on "hot" and "humid" summer days, during which he is exposed to dangerous temperatures. (*Id.*) Indeed, Sedore's cell has no "air conditioning" or "forced air," and the door to his cell is closed for most of the day. (*Id.* at PageID.10–11; ECF No. 27, PageID.302). Although the cell has two windows, only one window opens and neither have blinds to shield Sedore from the sun. (ECF No. 1, PageID.15). Between the sunlight and lack of airflow, Sedore's cell—in which he is bedridden for at least twenty hours per day—feels like a "sauna" during the summer. (*Id.* at PageID.15).

According to Sedore, these conditions do not just cause discomfort: they exacerbate his underlying health conditions. (*Id.* at PageID.11–12, ECF No. 27, PageID.303). On hot days, Sedore sometimes suffers from blackouts, light headedness, chest pain, difficulty breathing, and "symptoms of heat stroke." (ECF No. 1, PageID.11). Sedore filed this lawsuit in March, and on June 23, fearing the warm weather ahead, Sedore moved this Court to enter a preliminary injunction, directing the Defendants to allow him to purchase a six-inch, three-speed fan. (ECF No. 27, PageID.304).[1] Sedore explained that under the MDOC's current policies,

---

[1] Sedore has since filed two other motions in which he seeks essentially the same relief. (ECF Nos. 28, 32).

he may only possess a six inch, two-speed fan. (*Id.* at PageID.304; *see also* ECF No. 31-2, PageID.345). Because of the time-sensitive nature of Sedore's motion, the Undersigned afforded the MDOC only one week to file a response brief, as opposed to the usual three-weeks allowed under the Court's local rules.[2] (ECF No. 29).

The MDOC responded that it would amend its policies to allow all prisoners to order eight-inch, three-speed fans. (ECF No. 31, PageID.324–25 (citing ECF No. 31-3, PageID.359–61)). The MDOC anticipates that these fans should be available for purchase by mid-July. (*Id.*) Moreover, the Department noted that Sedore has a medical accommodation allowing three ice packs per day, and it explained that Sedore may contact the prison's health care unit directly to request any additional accommodations that may be necessary. (*Id.* at PageID.325–26; *see also* ECF No. 31-5, PageID.367).

    **B.**    **Analysis**

---

[2] The MDOC is not a "person" entitled to any due process protections. *West v. Holder*, 60 F. Supp. 3d 190 (D.D.C. 2014) (citing *South Carolina v. Katzenbach*, 383 U.S. 301, 323 (1966). But even if it were, the Undersigned's expedited briefing schedule would not offend due process under these circumstances. 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 & n.10 (3d ed. 1998) (collecting cases holding that courts may give fewer than two-weeks of notice without offending due process on "urgen[t]" motions for preliminary injunctions); *see also* Fed. R. Civ. P. 6(c)(1)(C).

Sedore requests two separate injunctions. First, he asks the Court to order the MDOC to obtain "an independent assessment . . . of" the "air circulation" and "cooling issues" at his prison and "other" MDOC facilities. (ECF No. 27, PageID.305). Second, Sedore requests a three-speed fan that is at least six inches in diameter. (*Id.*) While he would welcome the MDOC to purchase the fan on his behalf, Sedore is content to simply be allowed to purchase one for himself. (*Id.*) But in either case, Sedore asks that these fans be made available not just to him, but to all prisoners in the MDOC's custody. (*Id.*)

As a threshold matter, Sedore does not have standing to seek injunctive relief on behalf of other prisoners. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("[O]ne may not claim standing . . . to vindicate the constitutional rights of [a] third party."). So to the extent the Court might enjoin the MDOC, it can only enter an injunction that could benefit Sedore. *See id.* The Court cannot order air quality inspections at other prisons, nor can it direct the MDOC to provide fans for prisoners who are not parties to this action.

But to the extent Sedore requests injunctive relief for his own benefit, he has not demonstrated that a preliminary injunction is warranted. To start, a preliminary injunction is not the proper vehicle for Sedore to seek an inspection of his prison's "air circulation" and "cooling issues." (ECF No. 27, PageID.305). "The purpose of a preliminary injunction is always to *prevent* irreparable injury" such that the Court

4

may "preserve" its "ability to render a meaningful decision on the merits." *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (emphasis added). Thus, a Court cannot enter a preliminary injunction unless doing so would prevent the harm underlying the plaintiff's complaint. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982); *see Bays v. City of Fairborn*, 668 F.3d 814, 818–19 (6th Cir. 2012); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010); *Stenberg*, 573 F.2d at 925. While Sedore's risk of heat related illness is an irreparable injury, it is far from clear how a mere inspection, without more, would subdue this risk. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir. 2007). Because Sedore has not demonstrated how an inspection of the prison's "air circulation" would prevent an irreparable injury, the Court cannot grant this injunctive relief. *See Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (explaining that the party moving for preliminary injunctive relief bears the burden of demonstrating that an injunction is warranted).

Further, Sedore's motion is now moot insofar as he asks to be allowed to purchase a fan. Shortly after filing his initial motion, Sedore drafted another brief in which he indicated that he has already identified two vendors on the MDOC's "approved vendor" list from which who carry eight-inch, three speed fans. (ECF No. 33, PageID.376–77; *see also* ECF No. 31-3, PageID.360). Once allowed, he is prepared to purchase an eight-inch fan from one of these vendors. (*See id.*; *see also*

ECF No. 27, PageID.305). And on the same day Sedore drafted this brief, the MDOC informed Sedore and this Court that it will amend its regulations this month to allow Sedore (and all other prisoners) to purchase eight-inch, three speed fans. (ECF No. 31, PageID.324–25; *see also* ECF No. 31-3). Because Sedore will soon receive this relief without the Court's assistance, and because there is no "reasonable expectation" that the MDOC might revoke Sedore's permission to own a three-speed fan in the future, his request is now moot. *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002); *see Honig v. Students of Cal. Sch. for the Blind*, 471 U.S. 148, 149 (1985) (explaining that an appeal challenging the issuance of a preliminary injunction is moot if the movants have already received the injunctive relief they sought); *cf. Blackman v. District of Columbia*, 72 F. Supp. 3d 249, 253 (D.D.C. 2014); *Hano v. Nevada*, No. 2:19-cv-02246, 2021 WL 4928457, at *2 (D. Nev. Oct. 20, 2021).

### C. Conclusion

For these reasons, **I RECOMMEND** that the Court **DENY** Sedore's motions for a preliminary injunction (ECF Nos. 27, 28, 32) **WITHOUT PREJUDICE**.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 12, 2023                              s/PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

8