UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, | Case No. 2:23-cv-10647 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| HEIDI WASHINGTON, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**REPORT AND RECOMMENDATION TO DISMISS THE JOHN DOE DEFENDANTS AND DENY PLAINTIFF'S MOTION FOR A CASE MANAGEMENT ORDER (ECF No. 24)**

I. **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DISMISS** the unidentified John Doe Defendants and deny Plaintiff's motion for a "case management order" (ECF No. 24).

II. **REPORT**

A. **Introduction**

This is a prisoner civil rights case under 42 U.S.C. § 1983. In March, Scott Sedore filed a complaint against several defendants, including a group of unidentified "John Does." (ECF No. 1). After serving the named Defendants (*see*

1

ECF No. 22, PageID.277–78), Sedore filed a document he labeled as a motion for a "case management order." (ECF No. 24). In it, Sedore moved the Court to allow him to conduct discovery on the identity on the John Does. (*See id.*; *see also* ECF No. 41, PageID.419).[1]

But before the Court ruled on that motion, it ordered Sedore to identify the Doe Defendants by September 29, 2023, "for service of process purposes." (ECF No. 40, PageID.416–17). The Undersigned warned Sedore that she would recommend that the Doe Defendants be dismissed if he failed to identify them before the deadline. (*Id.* at PageID.417).

The following week, Sedore responded to the Court's order, stating that because he could not "realistically" identify the Doe Defendants by the Court's deadline, he consented to their dismissal. (ECF No. 41, PageID.418). Sedore did not state whether he had begun conducting discovery on the Doe Defendants' identity, nor did he ask the Court to extend its deadline. (*Id.* at PageID.418–21). To date, Sedore has not identified the Doe Defendants.

---

[1] Because the Court has yet to rule on the pending motions for summary judgment concerning Sedore's alleged failure to exhaust his administrative remedies (ECF Nos. 17, 48), the Undersigned has not yet entered a scheduling order setting deadlines for discovery and motion practice on the merits of Sedore's claims.

### B. Analysis

Under Federal Rule of Civil Procedure 4(m), if a defendant has not been served with a summons and complaint "within [ninety] days after the complaint is filed," then the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

After filing a complaint, plaintiffs must notify each defendant of the pending action. To do so, the plaintiff must present a valid summons to the Clerk of Court for the Clerk's "signature" and "seal." Fed. R. Civ. P. 4(b). Once the Clerk signs and seals the summons, the plaintiff must serve the summons, along with a copy of the complaint on each defendant. Fed. R. Civ. P. 4(c)(1); *see also* E.D. Mich. LR 4.1(b).

A summons must name each party and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)–(B). So for the court to issue a valid summons, the plaintiff must first identify the defendant. *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014). The Clerk of Court cannot issue summons for an unnamed defendant. *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704, 2017 WL 4863076, at *9–10 (N.D. Tex. Oct. 17, 2017); *Wilson v. McKenna*, No. 3:12-cv-1581, at *7 (D. Conn. Mar. 31, 2015).

For that reason, the use of "'John/Jane Doe placeholders" is disfavored. *Washington v. Doe*, No. 2:20-cv-10149, 2020 WL 833267, at *3 (E.D. Mich. Feb. 20, 2020). Even so, plaintiffs should generally have an opportunity "to identify the unknown defendant[s] through discovery, unless it is clear that discovery would not uncover the identities of the defendants." *Id.* (citing *Yates v. Young*, Nos. 85-5586, 85-5701, 1985 WL 13614, at *2 (6th Cir. Aug. 28, 1985)); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980).

Although Sedore asked the Court for permission to conduct discovery on the identity of the Doe Defendants, it was not necessary for him to do so. That is because discovery is typically an extrajudicial process, conducted by the parties without the court's involvement. *See Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-767, 2014 WL 6687146, at *4 (S.D. Ohio Nov. 26, 2014); *J.P. Morgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1875928, at *6 (S.D. Ohio June 20, 2007). In general, parties may only request the court's intervention—such as by moving for a protective order or an order compelling discovery—after a dispute arises over a discovery request. *See, e.g.*, Fed. R. Civ. P. 37(a)(1). The Court here never stayed this matter or otherwise forbade Sedore from conducting discovery. Thus, Sedore could have begun discovery on the identity of the John and Jane Does from the moment he served the named defendants, if not earlier. And if Sedore was concerned that he did not have enough time to conduct this discovery, then he could have

4

moved the Court to extend its deadline for service. *See* Fed. R. Civ. P. 4(m) (providing that courts have discretion to extend the deadline for service).

But Sedore did not ask for more time to identify the Doe Defendants. Instead, he "request[ed]" that the Court "dismiss" the Doe Defendants from this action. (ECF No. 41, PageID.418). The Undersigned takes Sedore at his word that he does not desire to extend the deadline for service. Thus, because Sedore did not identify the Doe Defendants by the Undersigned's deadline, **I RECOMMEND** that the Court **DISMISS** the Doe Defendants **WITHOUT PREJUDICE** and **DENY** Sedore's motion for a case management order (ECF No. 24).

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 7, 2023                             s/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge