## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SCOTT SEDORE,                          Case No. 2:23-cv-10647

     *Plaintiff*,                          Jonathan J.C. Grey
v.                                     United States District Judge

HEIDI WASHINGTON, et al.,              Patricia T. Morris
                                       United States Magistrate Judge

     *Defendants*.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 43)

I.  **RECOMMENDATION**

For following reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's motion for default judgment (ECF No. 43).

II. **REPORT**

A.  **Background**

Scott Sedore is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who alleges that various MDOC officials violated his rights under the Eighth Amendment and Title II of the Americans with Disabilities Act. (ECF No. 1, PageID.4–6, 9–11). Sedore explains that although he suffers from a slew of respiratory and circulatory conditions that render him bedridden and sensitive to high temperatures, officials refuse to provide him with adequate means

1

to regulate the temperature in his cell.  (*See id.* at PageID.2, 10, 15).  As a result, he is exposed to dangerously high temperatures in his cell during the summer.  (*Id.* at PageID.10).

Among several other officials, Sedore's complaint names a physician, Charles Jamsen.  (*Id.* at PageID.6, 8, 19).  Jamsen is employed by Wellpath, a private company which provides medical services to the MDOC.  (ECF No. 46, PageID.449).  Sedore alleges that he met with Jamsen in July 2022 to assess his need for a variety of medical accommodations.  (ECF No. 1, PageID.19).  At the appointment, Sedore requested an accommodation for an "[eight] inch, [three]-speed fan."  (*Id.*)  But Jamsen denied his request.  (*Id.*)  According to Sedore, this was because Jamsen conducted an incomplete assessment of his medical history, "refus[ing]" to conduct a "physical[] examin[ation]" or to review any medical records predating Sedore's imprisonment.  (*Id.*)

Believing that Jamsen worked for the MDOC as its "chief medical officer," Sedore attempted to serve Jamsen by delivering summons and a copy of the complaint to the MDOC's "litigation . . . coordinator."  (ECF No. 19, PageID.242, 257; *see also* ECF No. 1, PageID.6).  Sedore completed service on April 3, 2023.  (ECF No. 19, PageID.257).  By September 26, Jamsen had not responded to Sedore's complaint, and Sedore moved for default judgment.  (ECF no. 43).  Soon after,

counsel for Jamsen entered his appearance in this matter and filed a brief contesting Sedore's motion.  (ECF Nos. 45, 46).

### B.   Analysis

A default judgment is "[a] judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim . . . ."  *Default Judgment*, Black's Law Dictionary (11th ed. 2019).   Courts disfavor default judgments, and for that reason, the "legal prerequisites" to enter a default judgment require "strict compliance."  *Walton v. Rogers*, No. 88-3307, 1988 WL 109859, at *1 (6th Cir. Oct. 19, 1988) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can.*, 674 F.2d 1365, 1369 (11th Cir. 1982)); *see also* 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2681 (4th ed. 2021).

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for the entry of default judgments.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once the clerk enters a party's default, any other party may "apply to the court for a default judgment."[1]  Fed. R. Civ. P. 55(b)(2); *see Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13,

---

[1] A plaintiff may request that the clerk of the court enter a default judgment "[i]f the plaintiff's claim is for a sum certain" and the plaintiff submits "an affidavit showing the amount due . . . ."  Fed. R. Civ. P. 55(b)(1).

2020).  Thus, "entry of default by the clerk is a prerequisite to an entry of default judgment."  *In Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); *see also Hall v. Cox*, No. 20-10783, 2021 WL 11521274, at *1 (E.D. Mich. June 3, 2021).

Yet Sedore never obtained an entry of default from the Clerk of Court, and for that reason alone, the Court cannot enter default judgment against Jamsen.

And even if Sedore were to request an entry of default, his request would fail because Jamsen has not yet "failed" to respond to the complaint.  Because Rule 55(a) does not allow the entry of default until the defendant "fails to plead or otherwise defend," default should not be entered before a defendant is obligated to respond. Fed. R. Civ. P. 55(a); *see Foreman v. United States*, No. 22-10401, 2022 WL 4130864, at *2 (E.D. Mich. Sept. 12, 2022); *Lentz v. Loxton*, No. 12-12037, 2013 WL 2295456, at *2–3 (E.D. Mich. May 24, 2013).  But for two reasons, Jamsen is not yet required to respond to Sedore's complaint.

First, Sedore has not yet properly served Jamsen with summons and a copy of his complaint.  A defendant need not respond to a pleading until it either waives or receives proper service.  *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.2003); Fed. R. Civ. P. 12(a)(1)(A).  But here, Jamsen never waived service, and while Sedore delivered Jamsen's summons and complaint to the MDOC, Jamsen worked for a private company, Wellpath, at the time Sedore filed

his complaint.  (ECF No. 46, PageID.449, 451).  As Jamsen correctly notes, this attempt at service did not comply with any of the permissible methods for service enumerated under Federal Rule of Civil Procedure 4(e).  *Cf. Lentz*, 2013 WL 2295456, at *3.

Second, even if Sedore had properly served Jamsen, the Prison Litigation Reform Act ("PLRA") excuses Jamsen from "reply[ing]" to Sedore's complaint until ordered to do so by the Court.  42 U.S.C. § 1997e(g)(1).  Because the Court has not required Jamsen to respond to the complaint, he has not failed to "plead or otherwise defend" himself in this action.  *Cf. Lentz*, 2013 WL 2295456, at *2.

## C.    Conclusion

For these reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's motion for default judgment (ECF No. 43).

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 13, 2023                    s/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge