UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, | Case No. 2:23-cv-10647 |
| *Plaintiff,* | Jonathan J.C. Grey<br>United States District Judge |
| v. | |
| HEIDI WASHINGTON, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

## ORDER DENYING PLAINTIFF'S MOTION FOR
## A CASE MANAGEMENT ORDER (ECF No. 63)

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who alleges that various MDOC officials violated his rights under the Eighth Amendment and Title II of the Americans with Disabilities Act. (ECF No. 1, PageID.4–6, 9–11). On January 5, 2024, Plaintiff filed a motion for a case management order ("CMO") to be issued. (ECF No. 63). He requests that a CMO be issued once the district judge rules on the Report and Recommendation addressing the summary judgment motions concerning his alleged failure to exhaust his administrative remedies. (ECF No. 63, PageID.569). Plaintiff explains that the issuance of a case management order will put in place the necessary deadlines for discovery and motion practice, and in turn prevent unnecessary delays in the litigation. (*Id.*).

1

First, as the undersigned explained in the November 7, 2023 Order, there are several motions pending concerning Plaintiff's potential failure to exhaust his administrative remedies. (ECF Nos. 17, 48; ECF No. 54, PageID.513 n. 1). A finding that Plaintiff has failed to exhaust his administrative remedies would result in his complaint being dismissed as to those respective defendants. *Martin v. Caruso*, No. 07-11734, 2008 WL 161678, at *2 (E.D. Mich. Jan. 15, 2008) ("As a result, the Complaint should be dismissed, without prejudice, on the basis of Plaintiff's failure to exhaust administrative remedies."). The issuance of a scheduling order at this point would not be conducive to the matter as the landscape of the case may change following the ruling on the pending failure to exhaust motions.

Second, the matter is not stayed and there is no order precluding Plaintiff from conducting discovery or the parties from engaging in dispositive motion practice as demonstrated by the docket. Thus, Plaintiff is free to engage in discovery and motion practice. He is not required to wait for the issuance of a scheduling order to do so.

Third, as the failure to exhaust motions have not been ruled upon Plaintiff's motion asking the Court to issue a CMO once they are ruled upon is premature. A CMO will be issued in this matter when it is proper.

Thus, Plaintiff's motion for a case management order is **DENIED**. (ECF No. 63).

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED**.

| | |
|---|---|
| Date: February 7, 2024 | S/ PATRICIA T. MORRIS<br>Patricia T. Morris<br>United States Magistrate Judge |