## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SCOTT SEDORE,                                    Case No. 2:23-cv-10647

     *Plaintiff*,                              Hon. Jonathon J.C. Grey
v.                                               United States District Judge

HEIDI WASHINGTON,                                Hon. Patricia T. Morris
MDOC,                                            United States Magistrate Judge
CHARLES JAMSEN,

     *Defendants*.

_____/

## ORDER DENYING MOTIONS TO APPOINT COUNSEL (ECF Nos. 74, 82) AND MOTIONS TO COMPEL DISCOVERY (ECF Nos. 81, 88)

### I.      Background

Scott Sedore is a prisoner in the custody of the Michigan Department of Corrections ("MDOC").  (*See* ECF No. 1, PageID.2).  Sedore suffers from a slew of respiratory and circulatory conditions, including congestive heart failure, chronic obstructive pulmonary disease, "chronic scarring" of "both lungs," hypertension, and sleep apnea.  (*Id.* at PageID.10).  Yet he has no means by which to regulate the temperature in his cell on "hot" and "humid" summer days, during which he is exposed to dangerous temperatures.  (*Id.*)  Indeed, Sedore's cell has no "air conditioning" or "forced air," and the door to his cell is closed for most of the day.  (*Id.* at PageID.10–11; ECF No. 27, PageID.302).  Although the cell has two windows, only one window opens and neither have blinds to shield Sedore from the

1

sun.  (ECF No. 1, PageID.15).  Between the sunlight and lack of airflow, Sedore's cell—in which he is bedridden for at least twenty hours per day—feels like a "sauna" during the summer.  (*Id.* at PageID.15).

According to Sedore, these conditions do not just cause discomfort: they exacerbate his underlying health conditions.  (*Id.* at PageID.11–12, ECF No. 27, PageID.303).   On hot days, Sedore sometimes suffers from blackouts, light headedness, chest pain, difficulty breathing, and "symptoms of heat stroke."  (ECF No. 1, PageID.11).

Sedore filed this action in spring of 2023, alleging that MDOC officials violated his rights under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act by confiscating his twenty-inch fan and prohibiting him from purchasing any fan greater than six inches or with more than two speeds.  (*Id.* at PageID.15–18).

Sedore now moves the Court to enter a bevy of discovery orders.  In late April, he moved the Court to "amend" it "case management order" to require that the "MDOC defendants produce video of the interior of his" cell.  (ECF No. 81, PageID.681, ¶ 1).  Sedore does not claim to have requested this video from the defendants before moving to compel its production.  (*Id.* at PageID.681–84).  About a month later, Sedore filed three additional discovery motions, seeking responses

from various defendants to interrogatories, document requests, and requests for admission.  (ECF Nos. 88, 89, 90).

Also before the Court are two motions to appoint pro bono counsel on Sedore's behalf.  (ECF Nos. 74, 82).

## II.    Analysis

### A.    Motions to Compel

Each of Sedore's motions to compel will be denied without prejudice.

First, Sedore's motion to compel the Defendants to produce a video of his cell will be denied because he did not request this material from the Defendants before turning to the Court.  Discovery is typically an extrajudicial process, conducted by the parties without the court's involvement.  *See Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-767, 2014 WL 6687146, at *4 (S.D. Ohio Nov. 26, 2014); *J.P. Morgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1875928, at *6 (S.D. Ohio June 20, 2007).  In general, parties may only request the court's intervention— such as by moving for a protective order or an order compelling discovery—after a dispute arises over a discovery request.  *See, e.g.*, Fed. R. Civ. P. 37(a)(1).  That basic procedure applies to requests to produce tangible materials, such as videos. Fed. R. Civ. P.(a)(3)(B)(iv); *see* Fed. R. Civ. P. 34.  So because Sedore does not claim to have requested this video from the Defendants before moving to compel its production, his motion to compel (ECF No. 81) shall be **DENIED WITHOUT**

3

**PREJUDICE**, meaning that he may renew his motion after requesting the video from the Defendants if they do not agree to his request.

Sedore's remaining discovery motions will also be denied.  Under this District's local rules, all discovery motions must include "a verbatim recitation of each interrogatory, request, answer, response, [or] objection" at issue.  E.D. Mich. LR 37.2.  Without the "exact language" of the requests, responses, and objections at issue, the Court cannot determine whether an order compelling discovery is warranted.  *Davis-Bey v. City of Warren*, No. 16-cv-11707, 2017 WL 6523645, at *3 (E.D. Mich. Dec. 21, 2017).  Thus, discovery motions that violate this Rule must be dismissed without prejudice.  *Id.*; *see also Anderson v. Furst*, No. 17-12676, 2018 WL 4407750, at *1–2 (E.D. Mich. Sept. 17, 2018); *Cowan v. Miller*, No. 2:15-cv-12428, 2016 WL 6030082, at *1 (E.D. Mich. Oct. 14, 2016).

Sedore does not provide a "verbatim recitation" of the discovery requests and responses he believes to be deficient.  (ECF Nos. 88, 89, 90).  As a result, the Court can neither verify that Sedore did not receive his requested discovery materials, nor can it assess whether those materials fall within the scope of discovery.  *See generally* Fed. R. Civ. P. 26(b)(1).  For that reason, Sedore's motions to compel (ECF Nos. 88, 89, 90) are **DENIED WITHOUT PREJUDICE**.

**B.     Motion to Appoint Counsel**

Sedore's motion for the Court to appoint counsel will also be denied. Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

5

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

These factors weigh against the appointment of counsel at this time. This case is still in its early stages, as discovery remains ongoing and no party has yet moved for summary judgment. (ECF No. 73, PageID.624–25). Further, the Court does not find the factual or legal issues to be complex, and Sedore's complaint and subsequent filings demonstrate that he can clearly state his claims and articulate his motions. (*See, e.g.*, ECF Nos 1, 27, 28). If Sedore can demonstrate a change in circumstances that would necessitate the assistance of counsel, he may resubmit his request.

Accordingly, **IT IS ORDERED** that Sedore's motions for appointment of counsel (ECF Nos. 74, 82) are **DENIED WITHOUT PREJUDICE**.

6

Date: June 10, 2024                    S/ PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge