UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

    Plaintiff,

v.

HEIDI WASHINGTON et al.,

    Defendants.

_____/

Case No. 23-10647
Hon. Jonathan J.C. Grey
Magistrate Judge Patricia Morris

**ORDER ADOPTING IN PART AND DECLINING IN PART REPORT AND RECOMMENDATION (ECF No. 138) AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 107)**

## I. INTRODUCTION

Plaintiff Scott Sedore commenced this lawsuit against numerous defendants, alleging violations of his rights under the Eighth Amendment, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("RA"). (ECF No. 1.) On September 6, 2024, Defendant Dr. Charles Jamsen filed a motion for summary judgment. (ECF No. 107.) The motion was fully briefed.

This matter comes before the Court on Magistrate Judge Patricia Morris' Report and Recommendation dated July 25, 2025 (the "R&R").

(ECF No. 138.) In the R&R, Judge Morris recommended that the Court grant in part and deny in part Dr. Jamsen's motion for summary judgment. Specifically, Judge Morris recommended that the Court grant Dr. Jamsen's motion for summary judgment and dismiss Sedore's ADA and RA claims but deny the motion for summary judgment with respect to Sedore's Eighth Amendment deliberate indifference claim. Dr. Jamsen filed objections to the portion of the R&R addressing the Eighth Amendment claim, to which Sedore filed a response and Dr. Jamsen filed a reply. (ECF Nos. 139, 140, 141.)

The R&R is **ADOPTED** as to the findings of facts, conclusions of law, and dismissal of Sedore's ADA and RA claims, as well as any claim seeking equitable relief. (ECF No. 138, PageID.1532–1538.) For the reasons set forth below, the Court **DECLINES TO ADOPT** the conclusions of law related to Sedore's Eighth Amendment claim.

II.  ANALYSIS

   A.  **Legal Standard**

The Court reviews de novo any portion of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986). That is, the non-moving party must provide specific facts to rebut or cast doubt on the moving party's proffered facts.

Summary judgment must be entered against a party who fails to establish the existence of an element essential to that party's case on

"which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–323.

### B. First Objection

Dr. Jamsen's first objection contends that Judge Morris erred when considering Dr. Jerry Brackett's medical report because it was not disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A). (ECF No. 139, PageID.1547.) Dr. Jamsen states he was first made aware of the report when it was filed along with Sedore's supplemental response to Dr. Jamsen's summary judgement motion. (*Id.*) While the Court is mindful of the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2)(A), the procedural posture of this case warrants consideration.

The timing of expert disclosures is governed by Fed. R. Civ. P. 26(a)(2)(D):

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or

> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

A scheduling order regarding expert disclosure deadlines has yet to be set in this case, and there is no trial date. (ECF No. 73.) Further, there has been no argument that Dr. Brackett's opinion letter was intended solely to contradict or rebut evidence. Of note, it appears that this case, as it relates to Dr. Jamsen, was administratively stayed at Dr. Jamsen's request shortly after Sedore filed his responsive pleading containing the report. (ECF No. 134.) Ultimately, because the submitted report did not violate any mandatory disclosure deadlines, the Court does not find it necessary to conduct a Fed. R. Civ. P. 37(c)(1) failure to disclose analysis.

Accordingly, the Court **DENIES** Dr. Jamsen's first objection.

### C. Second Objection

Dr. Jamsen's second objection asserts that the R&R incorrectly found that Sedore satisfied the objective component of his deliberate indifference claim. Specifically, Dr. Jamsen argues that, to survive summary judgment, Sedore needed "an expert to opine that <u>the actions of the defendant</u> were so grossly negligent as to shock the conscience" and

5

"[t]here has been no such testimony in this case." (ECF No. 139, PageID.1549.) The Court agrees with Dr. Jamsen.

"The Eighth Amendment is violated when an official is deliberately indifferent to the serious medical needs of a prisoner in their care." *Jones v. Cnty. of Kent*, 601 F. Supp. 3d 221, 243 (W.D. Mich. 2022) (citations omitted). The "deliberate-indifference test has objective and subjective parts." *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021) (citation omitted). "To satisfy the objective component, the plaintiff must establish that the medical need at issue is sufficiently serious." *Jones*, 601 F. Supp. 3d at 243 (citation omitted). "A serious medical need alone can satisfy this objective element if doctors effectively provide no care for it." *Phillips*, 14 F.4th at 534 (citation omitted). However, "[m]ore frequently, doctors provide some care and prisoners challenge their treatment choices as inadequate. To establish the objective element in this common situation, prisoners must show more." *Id.* at 534–535 (citations omitted). In these cases, "care qualifies as cruel and unusual only if it is so grossly incompetent or so grossly inadequate as to shock the conscience or be intolerable to fundamental fairness." *Id.* at 535 (citations and internal quotation marks omitted).

6

When a plaintiff challenges the adequacy of care provided, he must present "expert medical evidence showing that he received grossly inadequate care." *Id.* at 536. "Allegations that more should have been done by way of diagnosis and treatment and suggest[ions] of other options that were not pursued raise at most a claim of medical malpractice, not a cognizable Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d 721, 741 (6th Cir. 2018) (citation and internal quotation marks omitted). "Only if a prisoner proves [the] objective element must courts consider the second (subjective) part of the deliberate-indifference test." *Phillips*, 14 F.4th at 535.

In his supplemental response to the motion for summary judgement, Sedore asserts only that Dr. Jamsen "provided *inadequate care.*" (ECF No. 131, PageID.1401 (emphasis added).) His reply to Dr. Jamsen's objection further concedes this point by acknowledging that he must "present enough evidence for a factfinder to evaluate the *adequacy of the treatment* provided and the severity of the harm caused by the allegedly *inadequate treatment.*" (ECF No. 140, PageID.1559 (emphasis added).) Because Sedore challenges the adequacy of the care provided, the objective competent of his claim requires he offer evidence via a

7

medical expert demonstrating that the care provided was grossly inadequate. *Phillips*, 14 F.4th at 536.

The Court is not convinced that Dr. Brackett's "Medical Opinion Letter" qualifies as expert medical evidence. Dr. Brackett's single-page letter cites to no medical literature and is based "solely on the records," as he "did not interview or examine Mr. Sedore, or interview the other treaters involved." (ECF No. 130–2, PageID.1388.) Dr. Brackett asserts no particularized expertise related to heat-related illnesses or any other condition suffered by Mr. Sedore, such as COPD and congestive heart failure. (*Id.*) Further, no curriculum vitae is included with this opinion letter that might demonstrate expertise. (*Id.*) Without more, the Court cannot deem Dr. Brackett an expert for purposes of providing the necessary, relevant medical evidence.

However, even if the Court considers Dr. Brackett an expert for purposes of providing the medical evidence needed to satisfy the objective component, Sedore's claim still fails. In *Phillips*, the court denied a deliberate indifference claim because the plaintiff failed to introduce "expert medical evidence describing what a competent doctor would have done and why the chosen course was not just incompetent but grossly so."

8

*Phillips*, 14 F.4th at 536 (citations omitted). Dr. Brackett's report similarly does not plainly discuss what a competent doctor would have done in Sedore's situation, much less how Dr. Jamsen's chosen course of care was grossly incompetent.

For example, Dr. Brackett's report never clearly identifies the adequate standard of care in this situation. The Court acknowledges that Dr. Brackett begins his report by stating that "Mr. Sedore would have benefitted from a larger-sized fan, and it was medically necessary from [sic] him to have such a fan in his cell." (ECF No. 130–2 PageID.1388.) However, this conclusory statement is quickly undercut by Dr. Brackett's conclusion that "Sedore would have benefitted from mitigation of the heat, and that this *might* reasonably include circulation via the larger fan." (*Id.*, (emphasis added).) Without more, the Court is unable to ascertain exactly what the adequate standard of care was in this situation.

Further, and perhaps more importantly, Dr. Brackett's report is completely devoid of any discussion or literature regarding why Dr. Jamsen's denial of a fan was grossly incompetent. While Dr. Brackett states that "it is not reasonable for a court and/or physician to think a

9

patient in Mr. Sedore's position would become accustomed to the heat," he never asserts that failure to provide a larger fan amounts to incompetence. In fact, his conclusion merely states that mitigation from the heat *might* reasonably include a larger fan. Ultimately, even read in the light most favorable to Sedore, Dr. Brackett's report does not opine that Mr. Jamsen's denial of a fan amounted to gross incompetence.

In his reply to Dr. Jamsen's objection, Sedore factually distinguishes *Phillips* from this case. While the Court acknowledges that *Phillips* is not factually identical, it nonetheless provides the legal standard for evaluating the objective component in a deliberate indifference claim based on inadequate medical care. As Sedore's claim stems from an allegation of inadequate medical care, under these set of facts, the Court finds the legal standard set forth in *Phillips* instructive and ultimately fatal to Sedore's claim.

Accordingly, Dr. Jamsen's second objection to the R&R is **SUSTAINED and** the Court **GRANTS** Dr. Jamsen's motion for summary judgment on Sedore's deliberate indifference claim.

### C. Third Objection

Dr. Jamsen's third objection argues that the R&R incorrectly determined that Sedore satisfied the subjective component of the deliberate indifference analysis. (ECF No. 139, PageID.1551.) Consideration of the subjective component is only necessary "if a prisoner proves [the] objective element" of his claim. *Phillips*, 14 F.4th at 535. Since the Court has found that Sedore failed to meet the objective element of his claim, it is unnecessary to review the R&R's subjective analysis.

### D. Resolution

As set forth above, the Court adopts Judge Morris' determination that Sedore's ADA and RA claims should be dismissed. Further, as discussed in Section II.C., the Court finds that Dr. Jamsen's motion for summary judgment should be granted as to Sedore's Eighth Amendment deliberate indifference claim. Therefore, the Court **GRANTS** Dr. Jamesen's motion for summary judgment and **DISMISSES** Dr. Jamsen from this case. As a result, Sedore has no remaining claims against any defendant, and the Court **DISMISSES** Sedore's cause of action.

## III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the R&R dated July 25, 2025 (ECF No. 138) is **ADOPTED IN PART and DECLINED IN PART**.

**IT IS FURTHER ORDERED** that the R&R is **ADOPTED** as this Court's findings of fact and conclusions of law regarding the dismissal of Sedore's ADA and RA claims, as well as any claim seeking equitable relief.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ADOPT** the R&R dated July 25, 2025 (ECF No. 138) with respect to its conclusions of law regarding Sedore's Eighth Amendment claim.

**IT IS FURTHER ORDERED** that Dr. Jamsen's objections to the July 25, 2025 R&R are **GRANTED IN PART and DENIED IN PART**; specifically, Dr. Jamsen's second objection is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. Jamsen's motion for summary judgment (ECF No. 107) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sedore's cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                              **s/Jonathan J.C. Grey**
                                              JONATHAN J.C. GREY
DATED: September 30, 2025         United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2025.

                                                  **s/ S. Osorio**
                                                  Sandra Osorio
                                                  Case Manager